IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br><br>APPICATION OF SYNGENTA CROP PROTECTION AG FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDING | )<br>)<br>)<br>)<br>)   NO. 21-mc-<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION OF SYNGENTA CROP PROTECTION AG FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**

BAKER & HOSTETLER LLP
Daniel J. Goettle (#
Jeffrey J. Lyons (#6437)
1201 North Market Street, Suite 1402
Wilmington, DE 19801-1147
(302)
dgoettle@bakerlaw.com
jjlyons@bakerlaw.com

Toni-Junell Herbert
Michael E. Anderson
1050 Connecticut Avenue, NW, Suite 1100
Washington, D.C. 20036-5304
(202) 861-1578
therbert@bakerlaw.com
meanderson@bakerlaw.com

*Attorneys for Applicant Syngenta Crop Protection AG*

Dated: September 14, 2021

## TABLE OF CONTENTS

I. BACKGROUND ...................................................................................................4

    A. The Parties ................................................................................................4

    B. The Relationship Between GSP and Sharda ............................................4

II. LEGAL STANDARD ..........................................................................................4

III. ARGUMENT .......................................................................................................5

    A. Syngenta's Application meets the statutory threshold under 28 U.S.C. § 1782 ......5

    B. The *Intel* factors weigh in Syngenta's favor ............................................6

        1. The Evidence is likely to be unobtainable without this court's assistance ..................................................................................6

        2. The Indian Court/ Foreign Tribunal Would be Receptive to the Information Obtained Pursuant to Section 1782, and Syngenta Is Not Making a Bad-Faith Attempt to Circumvent Indian restrictions on gathering evidence .................................................................7

        3. Syngenta's Discovery Requests are Targeted and not unduly Burdensome or Intrusive ............................................................8

IV. CONCLUSION ....................................................................................................9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Bayer*,
 146 F.3d 188 (3d Cir. 1998)..................................................................................4, 5, 6

*In re Gemeinschaftspraxis Dr. Med Schottdorf*
 2006 WL 3844464 (S.D.N.Y. Dec. 29, 2006) ...............................................................7

*Hearaeus Kulzer GmbH v. Esschem*,
 390 F. App'x 88 (3d Cir. 2010) ....................................................................................6

*Heraeus Kulzer GmbH v. Esschem*,
 633 F.3d 591 (7th Cir. 2011) ....................................................................................6, 8

*In re Ex Parte Application of Eni S.p.A. for an Ord. Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proc.*,
 2021 WL 1063390 (D. Del. Mar. 19, 2021) .................................................................8

*Intel Corp. v. Advanced Micro Devices, Inc.*,
 542 U.S. 241 (2004).........................................................................................3, 5, 6, 8

*In re Liverpool Ltd. P'ship*,
 2021 WL 3793901 (D. Del. Aug. 26, 2021) .................................................................5

*Matter of Wei for Ord. Seeking Discovery Under 28 U.S.C. §1782*, 2018 WL
 5268125 (D. Del. Oct 23, 2018) ...................................................................................6

*In re Microsoft Corp.*,
 428 F. Supp. 2d 188 (S.D.N.Y. 2006)...........................................................................6

**Statutes**

28 U.S.C. § 1782................................................................................................... *passim*

28 U.S.C. § 1782(a) ..............................................................................................3, 5, 6

**Other Authorities**

Federal Rule of Civil Procedure 30(b)(6) ........................................................................3

Syngenta Crop Protection AG ("Syngenta") submits this memorandum in support of its application under 28 U.S.C. § 1782 ("Section 1782") seeking limited and targeted discovery from Sharda USA LLC ("Sharda"). Sharda is a limited liability company organized under the laws of Delaware.

## PRELIMINARY STATEMENT

Pursuant to 28 U.S.C. § 1782, Syngenta Crop Protection AG ("Syngenta"), a Swiss Company, seeks permission to serve targeted discovery for use in Indian court proceedings involving Indian patent no. IN 206995 and infringement of such patent, which Syngenta plans and intends to file upon receipt of information from Respondent. Syngenta holds patents in numerous countries directed to the method of chemically synthesizing thiamethoxam, a pesticide with a broad spectrum of activity against many different types of insects. In India, Syngenta is the sole owner of patent IN 206995, which claims methods of manufacturing the pesticide thiomethoxam, as well as certain key intermediates in the manufacturing of thiomethoxam. In addition, Syngenta is the registered party from the respective environmental approval agencies in countries such as the United States and Brazil for sale of products including thiamethoxam.

The Indian proceeding will be based on a patent infringement dispute arising between Syngenta and GSP Crop Science Private Limited of India ("GSP") related to GSP's manufacture of thiomethoxam products made in violation of Syngenta's patent, IN 206995. Syngenta intends to prove that GSP is using Syngenta's patented intermediates and method to produce thiamethoxam then selling, offering to sell, using, or exporting products containing the produced thiamethoxam to entities such as Sharda in various countries around the world. Syngenta believes that Sharda USA LLC ("Sharda") possesses information that will assist in establishing GSP's infringement, and which will assist in establishing that such products have already been sold,

distributed or offered for sale and exportation. In the U.S., Sharda has filed applications for registration of compounds containing various weight percentages of thiomethoxam. *See, e.g.*, Declaration of Jeffrey J. Lyons ("Lyons Decl."), Ex. A. An application for registration of thiamethoxam in the laboratory section for thiamethoxam in the NPIRS (Center for Environmental Regulatory Information Systems) database filed by Sharda's affiliate, Sharda Crop Chem Limited, identifies GSP Crop Science as a laboratory involved in a confidential study of thiamethoxam that was relied upon by Sharda.[1]

```
51199402 Desai, H. (2008) Preliminary Analyses of Five Representative Produc
         tion Batches of Thiamethoxam Technical Grade Active Ingredient (TGA
         I) to Determine % Thiamethoxam and to Quantify its Associated Impur
         ities. Project Number: 7017.  Unpublished study prepared by Jai Re
         search Foundation.  182p.

         Trade Secret Status: CBI Document, Confidential A

         Submitter: SHARDA CROPCHEM LIMITED
         Submitter No.  Submission Date  Accession No.
             082633         07/02/20         511994 02

         Administrative No: 082633-43

         Laboratory No.:  088302    GSP CROP SCIENCE PRIVATE LIMITED
                          958578    JAI RESEARCH FOUNDATION

         Lab Project No.: 7017

         *** Chemistry Indexing ***
         SUBSTANCE CLASS: Single         FORMULATION: Not Formulated Pesticide
             Thiamethoxam (60109)
```

To date, Syngenta has given notice to GSP of its concerns as to patent infringement and its intent to file the patent infringement suit; however, Syngenta has not yet officially filed. Syngenta has been pursuing a parallel path corresponding with GSP in an effort to obtain answers. This process has been ongoing for months with nothing to alleviate Syngenta's concerns as to patent

---

[1] The National Pesticide Information Retrieval System (NPIRS) State Public website contains information pertaining to pesticides either currently or previously offered or licensed for distribution or sale in the United States. Registration data received from states is searchable by active EPA registration number, product name, company name, or active ingredient.

infringement. As such, Syngenta is still in the process of attempting to obtain the necessary evidence and documentation required by the Indian court to substantiate the initial pleading and request for interim injunction. To request the interim injunction, Syngenta needs to provide as much relevant evidence of infringement and the imminence of harm as possible to the court.

Under 28 U.S.C. § 1782, "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal…upon the application of any interested person." 28 U.S.C. § 1782(a). Syngenta's application clearly meets these statutory thresholds: Sharda maintains offices in and is organized in this District; the requested discovery is "for use" in a patent infringement suit to be filed in India; and as a party to the action, Syngenta is an interested person.

In addition, the discretionary factors for granting Section 1782 discovery as set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) weigh in Syngenta's favor: (1) the Respondent is not a party in the foreign litigation and Syngenta is not otherwise able to obtain in the Indian forum the information it seeks here, (2) the information sought by Syngenta is information that the Delhi High Court in New Delhi, India would need to consider in addressing Syngenta's claims of patent infringement and request for an interim injunction, and there is no indication the Delhi High Court would be unreceptive to evidence obtained pursuant to Section 1782, (3) Syngenta's application is a good faith effort to obtain discovery necessary to support its claim for an interim injunction, and (4) the targeted discovery that Syngenta seeks, including eight narrowly tailored document requests and a Rule 30(b)(6) deposition with nine topics that are neither intrusive nor burdensome. *See* Lyons Decl., Ex. B.

For these reasons and as will be explained below, Syngenta respectfully requests that the Court grant this application.

## I. BACKGROUND

### A. The Parties

Syngenta is a Swiss corporation with a principal place of business at Rosentalstrasse 67, CH-4058 Basel, Switzerland. Syngenta is seeking discovery of Respondent, Sharda USA LLC, a company found in this District and organized under the laws of Delaware.

### B. The Relationship Between GSP and Sharda

GSP manufactures thiamethoxam, then sells and exports products including the thiamethoxam. GSP exports products from India to over 60 countries around the world including the USA. *See* Lyons Decl., Ex. C. As discussed above, Sharda has filed with the U.S. Environmental Protection Agency a registration for thiamethoxam containing products. *See, e.g.*, Lyons Decl., Ex. A. Sharda has referred to GSP in in the laboratory section of its submissions of the U.S. government for thiamethoxam. It appears that Sharda, either directly or through one of its affiliates, may have been contracting for the supply of and/or obtaining products containing thiamethoxam from GSP since at least their date of filing with the EPA in December 2020 seeking an end use registration as well as technical registration for products including thiamethoxam in the USA.

## II. LEGAL STANDARD

Section 1782 "was designed to facilitate the conduct of litigation in foreign tribunals, improve international cooperation in litigation, and put the United States into the leadership position among world nations in this respect." *In re Bayer*, 146 F.3d 188, 191-92 (3d Cir. 1998). Section § 1782 grants courts the power to authorize discovery for use in foreign proceedings:

4

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). Thus, an application under 28 U.S.C. § 1782(a) can only be granted when (a) the application is made by an interested person; (b) the person (or entity) from whom discovery is sought resides in the district; and (c) the discovery is "for use" in a foreign or international tribunal. *Id.*; *accord In re Bayer*, 146 F.3d at 193. Even if these so-called *prima facie* showings are made, the court may nevertheless deny the application based on discretionary conditions, including: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding" such that "the need for § 1782(a) aid is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign . . . court . . . to U.S. federal-court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome[.]" *Intel*, 542 U.S. 264-65; *In re Liverpool Ltd. P'ship*, 2021 WL 3793901, at *1 (D. Del. Aug. 26, 2021).

III. ARGUMENT

    A. **Syngenta's Application meets the statutory threshold under 28 U.S.C. § 1782**

Syngenta's application clearly satisfies the requirements under 28 U.S.C. § 1782. Sharda is organized under the laws of the State of Delaware. Accordingly, there is no dispute that Sharda is found in this District. *See In re Liverpool*, 2021 WL 3793901, at *1 ("BAC is a Delaware corporation and therefore it resides and is found in this District.").

5

Second, Syngenta plans to use the discovery in its initial filing for patent infringement and request for interim injunction in a court in India, which is a foreign tribunal. *See Matter of Wei for Ord. Seeking Discovery Under 28 U.S.C. §1782*, 2018 WL 5268125, at *2 (D. Del. Oct. 23, 2018) ("While a proceeding need not be pending, nor even imminent to permit grant of an application under § 1782, ... the applicant must show that a foreign proceeding is within "reasonable contemplation." (citations omitted)).

Third, as the sole owner of the patent IN 206995, Syngenta will be a party to the foreign proceeding. As such, Syngenta is an "interested person" withing the meaning of 28 U.S.C. § 1782. *See Intel*, 542 U.S. at 256.

### B. The *Intel* factors weigh in Syngenta's favor

In view of the Section 1782's goals of facilitating the conduct of litigation in foreign tribunals, improving international cooperation in litigation, and putting the United States into the leadership position in these regards, courts consistently apply a liberal interpretation of the statute. *See In re Bayer*, 146 F.3d at 191-92; *Hearaeus Kulzer GmbH v. Esschem*, 390 F. App'x 88, 92 (3d Cir. 2010) (describing "liberal interpretation" of Section 1782.) In view of this liberal policy, the discretionary Intel factors clearly weigh in favor of granting Syngenta's application for discovery from Sharda to gather evidence for its planned litigation in India.

#### 1. The Evidence is likely to be unobtainable without this court's assistance

The first Intel factor addresses whether "evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264; *see also In re Microsoft Corp.*, 428 F. Supp. 2d 188, 192, 194 (S.D.N.Y. 2006) ("The relevant inquiry is whether the evidence is available to the foreign tribunal"). Here, Sharda will not be a party to the Indian action, and the Indian court may not have jurisdiction over a non-party. *See Heraeus Kulzer*, 390 F. App'x at 92. Further, as

6

the Southern District of New York noted in *In re Gemeinschaftspraxis Dr. Med Schottdorf* noted, "[w]hen the target of discovery is not a party the foreign tribunal may be less inclined—even if it is empowered—to compel third-party discovery…." 2006 WL 3844464, at *5 (S.D.N.Y. Dec. 29, 2006).

Because of the nature of the relief being sought by Syngenta- an interim injunction, requires proof and supporting evidence early in the case, engaging in the slow process of seeking third-party discovery from Sharda through the Hague Convention, is not practicable in these circumstances.

    2.  **The Indian Court/ Foreign Tribunal Would be Receptive to the Information Obtained Pursuant to Section 1782, and Syngenta Is Not Making a Bad-Faith Attempt to Circumvent Indian restrictions on gathering evidence**

The second and third Intel factors each weigh in favor of granting Syngenta's application. Syngenta's application under Section 1782 seeks targeted discovery in an effort to comply with the Indian Court's requirements and standards for interim injunctions. Syngenta is not acting in bad faith or trying to circumvent foreign policies or restrictions on gathering evidence by seeking this information. *See Gemeinschaftspraxis*, 2006 WL 3844464, at *7 ("The third discretionary factor aims at protecting against abuse of § 1782 as a vehicle to end-run foreign proof-gathering restrictions or other foreign policies.") As discussed below, the information sought may provide both evidence of infringement of Syngenta's Indian patent, and the imminence of harm from such infringement—including potential arrangements for distribution that have or may have already been made in violation of Syngenta's patent rights. As explained by Syngenta's Indian counsel: "It is my understanding that to obtain relief, Syngenta Crop Protection AG may need to seek an interim injunction. In the event of filing suit for infringement and seeking interim relief, we will need to establish: a) infringement; b) balance of convenience in favor of plaintiff; and c) irreparable

7

injury. Such pleadings would need to be supported by all the necessary documentary evidence. In particular, evidence such as an affidavit from an expert substantiating infringement as well as documentation of the infringement as an immediate/ongoing threat so as to support an interim injunction should be provided." *See* Declaration of Archana Shanker ("Shanker Decl.") ¶ 5. Such a situation is exactly what 28 U.S.C. § 1782 was enacted to facilitate. Further, there is no indication here that the Delhi High Court would not be receptive to evidence obtained pursuant to Section 1782. In fact, Syngenta's Indian counsel notes in her declaration that there have been no "judicial, executive or legislative declarations from the Government of India that discovery assistance from this Court would be unwelcome." Shanker Decl. ¶ 7; *see, e.g.*, *Heraeus Kulzer GmbH v. Esschem*, 633 F.3d 591, 596 (7th Cir. 2011) ("[T]here is no indication that the German court in which Heraeus's suit against Biomet is pending would refuse to admit evidence Heraeus obtained through U.S. discovery and could not have obtained by utilizing procedures of German law for evidence gathering.") Accordingly, these factors both weigh in favor of granting Syngenta's application.

### 3. Syngenta's Discovery Requests are Targeted and not unduly Burdensome or Intrusive

Under the last Intel factor, "unduly intrusive or burdensome requests may be rejected or trimmed." *Intel*, 542 U.S. at 265. While Section 1782 permits the same broad scope of discovery as Federal Rule of Civil Procedure, *see In re Ex Parte Application of Eni S.p.A. for an Ord. Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proc.*, 2021 WL 1063390, at *6 & n.8 (D. Del. Mar. 19, 2021), the requests here are both small in number and scope, and are narrowly focused on gathering evidence to support Syngenta's goal of obtaining an interim injunction in the foreign proceeding. Specifically, the information sought seeks information in Sharda's possession about the thiamethoxam products, compositions and formulations it seeks to sell in the U.S. Sharda's filings with the U.S. Government related to these

products reference GSP, indicating that these products may have been or may be supplied by GSP in the future—the subject of Syngenta's Indian Action. The information requested, including documents provided to regulatory agencies, any testing information or other analyses of the thiamethoxam products to be sold or information relating to their method of manufacture, will be directly relevant to issues of whether GSP is infringing Syngenta's Indian patent. Further, Sharda's regulatory submissions related to thiamethoxam products, its agreements related to thiamethoxam products, its relationship with and communications with GSP regarding thiamethoxam products, and any records of importation or additional plans Sharda has for the importation of thiomethoxam products, directly relates to the imminence of the harm that Syngenta will suffer from GSP's infringement, and will be highly relevant to its request for an interim injunction.

## IV.     CONCLUSION

For the foregoing reasons, Syngenta respectfully requests that the Court grant Syngenta's application pursuant to 28 U.S.C. § 1782 and enter the attached order authorizing Syngenta to serve its proposed subpoena on Sharda.

| | |
|---|---|
| Dated:  September 14, 2021 | BAKER & HOSTETLER LLP |
| | |
| | /s/  *Jeffrey J. Lyons* |
| | Daniel J. Goettle (#6664) |
| | Jeffrey J. Lyons (#6437) |
| | 1201 North Market Street, Suite 1402 |
| | Wilmington, DE  19801-1147 |
| | (302) 319-2799 |
| | dgoettle@bakerlaw.com |
| | jjlyons@bakerlaw.com |
| | |
| | Toni-Junell Herbert |
| | Michael E. Anderson |
| | 1050 Connecticut Avenue, NW, Suite 1100 |
| | Washington, D.C. 20036-5304 |
| | (202) 861-1578 |
| | therbert@bakerlaw.com |
| | meanderson@bakerlaw.com |
| | |
| | *Attorneys for Applicant Syngenta Crop Protection AG* |