IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| APPLICATION OF SYNGENTA ) | |
| CROP PROTECTION AG FOR AN ) | C.A. No.: 21-mc-375-CFC |
| ORDER PURSUANT TO 28 U.S.C. § ) | |
| 1782 GRANTING LEAVE TO ) | |
| OBTAIN DISCOVERY FOR USE IN ) | |
| FOREIGN PROCEEDING ) | |
| ) | |

**ANSWERING BRIEF IN OPPOSITION TO SYNGENTA'S *EX-PARTE* APPLICATION PURSUANT TO 28 U.S.C. § 1782 FOR AN ORDER COMPELLING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**

OF COUNSEL:
Cristen S. Rose
PALEY ROTHMAN
4800 Hampden Lane, 6th Floor
Bethesda, MD 20814-2930
(301) 951-9343

Dated: November 19, 2021

Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
1105 N. Market Street
Wilmington, DE 19801
(302) 298-0702
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Sharda USA LLC*

## Table of Contents

Table of Authorities ................................................................................................. ii

I. Nature and Stage of the Proceedings and Statement of Facts ........................... 1

II. Summary of the Argument ................................................................................ 4

III. Argument .......................................................................................................... 5

    A. Syngenta Fails to Argue that an Indian Court Would Consider This Evidence ................................................................. 6

    B. Syngenta Could Get the Same Information from GSP ........................... 6

    C. Syngenta's Discovery Is Overbroad, Seeking Information That Has No Relationship to Any Claim Against GSP ......................... 8

IV. Conclusion ...................................................................................................... 11

## Table of Authorities

**Cases**                                                                                                   **Page(s)**

*Cf. Douglas Dynamics, LLC v. Buyers Prods. Co.*,
   717 F.3d 1336 (Fed. Cir. 2013) .................................................................................2

*Ill. Tool Works, Inc. v. Grip-Pak, Inc.*,
   906 F.2d 679 (Fed. Cir. 1990) ...................................................................................2

*In re Application of Glob. Energy Horizons Corp.*,
   647 F. App'x 83 (3d Cir. 2016) .................................................................................8

*In re Babcock Borsig AG*,
   583 F. Supp. 2d 233 (D. Mass. 2008).........................................................................7

*In re Digitechnic*, C.A. No. C07-414-JCC,
   2007 U.S. Dist. LEXIS 33708 (W.D. Wash. May 8, 2007)...................................7

*In re Gilead Pharmasset LLC*, C.A. No. 14-mc-243 (GMS),
   2015 U.S. Dist. LEXIS 48720 (D. Del. Apr. 14, 2015) .....................................5, 6

*In re IPC Do Nordeste, LTDA*, C.A. No. 12-50624,
   2012 U.S. Dist. LEXIS 137150 (E.D. Mich. Sep. 25, 2012) ............................7, 8

*Intel Corp. v. Advanced Micro Devices, Inc.*,
   542 U.S. 241 (2004) ................................................................................ 5,6

*Kearns v. Chrysler Corp.*,
   32 F.3d 1541 (Fed. Cir. 1994) ...................................................................................2

*Lans v. Digital Equip. Corp.*,
   252 F.3d 1320 (Fed. Cir. 2001) .................................................................................2

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
   233 F.R.D. 143 (D. Del. 2005) ................................................................................10

*Via Vadis Controlling GmbH v. Skype*, C.A. No. 12-mc-193-RGA,
   2013 U.S. Dist. LEXIS 23434 (D. Del. Feb. 21, 2013) .........................................8

**Statutes** **Page(s)**

28 U.S.C. § 1782 ................................................................................................................5

I. **NATURE AND STAGE OF THE PROCEEDINGS AND STATEMENT OF FACTS**

Syngenta Crop Protection AG ("Syngenta") requests discovery from Sharda USA LLC ("Sharda USA"), an entity that Syngenta claims it does not intend to sue, to support a potential future patent infringement suit in a foreign country against an unrelated company, which it has not yet filed. Its patent covers a method of manufacturing a chemical called thiamethoxam, and it "intends" to file a patent infringement claim in India against an entity called GSP Crop Science Private Limited of India ("GSP"). (D.I. 3 at 1). The proposed discovery, however, calls only for information that is either duplicative of that already possessed by and available from GSP, or that is irrelevant to any claim against GSP. (*See* D.I. 4-2 at Ex. B).

The technical ingredient at issue in Syngenta's request, a pesticide called thiamethoxam, is no longer subject to patent protection by itself. The Indian patent that Syngenta claims the unrelated entity GSP may be infringing, IN 206995, claims a method for manufacturing thiamethoxam and certain related intermediates. Syngenta admits that any future Indian proceedings "will be based on a patent infringement dispute arising between Syngenta and [GSP] *related to GSP's manufacture* of thi[a]methoxam products . . . ." (D.I. 3 at 1) (emphasis added). The Syngenta Indian Patent, however, expired on October 25, 2021. Thus, the injunctive relief Syngenta claims it will seek in the Indian court will

1

likely fail, as it would be rare for a court to find irreparable harm where the patent has expired. *Cf. Douglas Dynamics, LLC v. Buyers Prods. Co.*, 717 F.3d 1336, 1343 (Fed. Cir. 2013) ("While this case was on appeal, the . . . Patent expired. Therefore, an injunction on the technology covered by that patent is moot."); *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328 (Fed. Cir. 2001) ("[A] district court cannot enjoin [a party] from infringing an expired patent."); *Kearns v. Chrysler Corp.*, 32 F.3d 1541, 1550 (Fed. Cir. 1994) ("[W]hen the rights secured by a patent are no longer protectable by virtue of expiration or unenforceability, entitlement to injunctive relief becomes moot because such relief is no longer available."); *Ill. Tool Works, Inc. v. Grip-Pak, Inc.*, 906 F.2d 679, 681 n.1 (Fed. Cir. 1990) ("The . . . patent having expired, the question of a preliminary injunction against infringement of that patent is moot. No need exists, therefore, for treatment here of the parties' extensive arguments [including irreparable harm] relating to it.")).

Sharda USA is a holding company[1] that is used to obtain end-use, crop protection chemical registrations in the United States, including from the Environmental Protection Agency ("EPA"). *See* Decl. of Bubna at ¶¶ 6, 9 (attached hereto as Ex. 1). It does not manufacture its pesticide's technical (or

---

[1] Sharda USA is the North American subsidiary of Sharda Cropchem, Ltd. *See* Ex. 1 at ¶ 16.

2

active) ingredient. *Id.* at ¶ 7. Instead, as stated on its website[2] and in the Bubna declaration, Sharda USA imports the necessary technical ingredients into the United States. *Id.* at ¶ 10. In this role, Sharda USA has filed registrations with the EPA for approval to import and sell end-use thiamethoxam products in the United States.[3] However, Sharda Cropchem, an Indian company, not Sharda USA, purchases the thiamethoxam from GSP. *Id.* at ¶ 12. There is no written contract between Sharda Cropchem nor any other Sharda entity and GSP for purchase of the thiamethoxam. *Id.* at ¶ 14. Any testing of the technical ingredient that was purchased from GSP was not completed by Sharda USA or under the direction of Sharda USA. *Id.* at ¶ 17.

Syngenta's discovery is not limited to information relating to GSP, the entity it intends to sue. That discovery includes a subpoena for a nine-topic 30(b)(6) deposition and a set of eight document requests. (D.I. 4-2, Ex. B). It seeks information related to *all* thiamethoxam-related filings with the EPA, *all* contracts or agreements relating to thiamethoxam, *all* sources or suppliers of thiamethoxam, *all* analysis, testing, or investigation of thiamethoxam, *all* manufacturing

---

[2] *About*, SHARDA USA, https://shardausa.com/about/ (last visited Nov. 10, 2021).

[3] Based on statements during a meet-and-confer between the parties' counsel, Sharda understands that Syngenta has already obtained Sharda USA's EPA registrations through a FOIA request, subject only to redactions of some third-party information.

information about thiamethoxam sold by Sharda USA, and *all* of Sharda USA's plans for importation of thiamethoxam products—each regardless of whether the thiamethoxam is sourced from GSP. *Id.*

## II.     Summary of the Argument

The overall balance of the relevant factors weighs strongly in favor of denial of Syngenta's § 1782 application:

1.     Syngenta has offered no evidence other than a single, unsupported sentence from its own attorney in India to support its assertion that the Indian court would consider the type of evidence sought here. At most, the declarant states the evidence would not be "unwelcome." (D.I. 5 at ¶ 7). This weighs in favor of denying Syngenta's petition.

2.     Syngenta's application attempts to obtain discovery from a third party prior to invoking any discovery procedures in India against the relevant potential defendant or, for that matter, any Sharda entity that is in India. This weighs strongly in favor of denying Syngenta's petition.

3.     Syngenta's requests seek information equally in possession of the potential defendant, GSP. The requests are unlimited in time and call for information that has no relevance to its dispute with GSP. Moreover, Syngenta claims that the information it seeks is relevant to meeting the evidentiary burden of getting an injunction. But Syngenta's patent expired on October 25, 2021, and

Syngenta has not explained how it expects to receive an injunction on an expired patent. This weighs strongly in favor of denying Syngenta's petition.

### III. Argument

Discovery under 28 U.S.C. § 1782 is discretionary, *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004), and the Court should exercise its discretion to deny that discovery here. The Court's application of discretion under § 1782 is guided by four factors set forth by the Supreme Court in *Intel*:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign government to federal judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies; and (4) whether the request is unduly intrusive or burdensome.

*In re Gilead Pharmasset LLC*, C.A. No. 14-mc-243 (GMS), 2015 U.S. Dist. LEXIS 48720, at *4 (D. Del. Apr. 14, 2015); *Intel*, 524 U.S. at 264-65. Here, three[4] of the four factors weigh against the Court's exercise of discretion. Syngenta offers no evidence that the Court in India would permit it to even use the information it seeks here. Moreover, much of the information it seeks is duplicative with that possessed by GSP, and its request is an attempt to sidestep the need to obtain the information from GSP under Indian law. Finally, and most

---

[4] Sharda USA does not dispute that, under the first factor, it is not a participant in the foreign proceeding.

5

importantly, Syngenta seeks broad discovery from Sharda USA, including largely confidential information that has no relevance to its claims against GSP in India.

### A. Syngenta Fails to Argue that an Indian Court Would Consider This Evidence

First, Syngenta fails to offer any evidence that "the foreign tribunal would consider the evidence produced pursuant to a §1782 order," the relevant inquiry under the second *Intel* factor. *In re Gilead*, 2015 U.S. Dist. LEXIS 48720 at *6. Syngenta put forth only a one sentence statement of an Indian attorney that, to their knowledge, "there have been no judicial, executive, or legislative declarations from the Government of India that assistance from this or any other U.S. Court would be unwelcome." (D.I. 5 at ¶ 7). That statement has no bearing on whether discovery under §1792 would result in evidence admissible in an Indian court. This weighs in favor of denying Syngenta's petition.

### B. Syngenta Could Get the Same Information from GSP

Second, Syngenta's request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies," the third *Intel* factor. *Intel*, 542 U.S. at 264. "[A] perception that an applicant has 'side-stepped' less-than-favorable discovery rules by resorting immediately to §1782 can be a factor in the court's analysis." *In re Gilead*, 2015 U.S. Dist. LEXIS 48720 at *11.

The fact that Syngenta has made minimal, if any, attempts to obtain the requested discovery from the potentially named defendant, GSP, or any other

6

companies in India, is telling. *See id.* at *12 (finding movant's lack of interest in pursuing any discovery in the foreign tribunal to be an attempt to circumvent those rules and finding this factor weighs against granting the application); *see also In re IPC Do Nordeste, LTDA*, C.A. No. 12-50624, 2012 U.S. Dist. LEXIS 137150, *21 (E.D. Mich. Sep. 25, 2012) (finding "[o]ne abuse would be for a party to seek discovery in federal district court that it could obtain in the foreign jurisdiction . . ."). Syngenta has not shown that it has made any good faith attempt to "first . . . attempt discovery measures" in India from its true target, GSP. *In re Babcock Borsig AG*, 583 F. Supp. 2d 233, 241 (D. Mass. 2008).

The only statement supporting its assertion that it has given notice to GSP of its concerns and intent to file a patent infringement suit is that it has been "pursuing a parallel path corresponding with GSP in an effort to obtain answers." (D.I. 3 at 2). Syngenta admits that it is "still in the process of attempting to obtain the necessary evidence and documentation[.]" (D.I. 3 at 3). Aside from an informal letter request of GSP, there is no evidence that Syngenta has tried to obtain any of the discovery sought here by way of Indian discovery tools. *See In re Digitechnic*, C.A. No. C07-414-JCC, 2007 U.S. Dist. LEXIS 33708, at *9-10 (W.D. Wash. May 8, 2007) (while noting that §1782 does not require exhaustion, finding that "there is nevertheless no reason that this Court should overlook

[applicant's] failure to attempt any discovery measures in [the foreign tribunal] in making the discretionary decision now before it.").[5]

Even a cursory look at the requested documents shows that much of what is requested would be in the possession of GSP and could be obtained by a more convenient and less burdensome source. *In re IPC Do Nordeste*, 2012 U.S. Dist. LEXIS 137150 at *23-24. Syngenta's declarant, Archana Shanker, states that the requested information will be used to determine whether its patented process is being used and adopted *by GSP*. (D.I. 5 at ¶ 4). An Indian Court would have the authority to order Syngenta's requested discovery relevant to its infringement claims from GSP. *See Via Vadis Controlling GmbH v. Skype*, C.A. No. 12-mc-193-RGA, 2013 U.S. Dist. LEXIS 23434, *6-8 (D. Del. Feb. 21, 2013).

### C. Syngenta's Discovery Is Overbroad, Seeking Information That Has No Relationship to Any Claim Against GSP

The Court should deny overly broad or unduly burdensome requests under the fourth *Intel* factor. *See In re Application of Glob. Energy Horizons Corp.*, 647 F. App'x 83, 85-86 (3d Cir. 2016) (analysis under this factor is virtually identical to the burden analysis under Federal Rules 26 and 45). Sharda USA should not be burdened with overbroad requests to provide documents that are largely irrelevant

---

[5] It is Sharda USA's understanding that GSP has identified the third-party manufacturer for its thiamethoxam and provided GSP a copy of the manufacturing process that the third party uses to make the technical ingredient that is supplied by GSP.

to Syngenta's potential claim. Syngenta's only argument as to the breadth and relevancy of the requests is that they are few in number, and that they go to the factors relevant to its goal of obtaining a potential interim injunction[6] against GSP in India (not even the filing of the action itself). (D.I. 3 at 8-9). But even a brief examination of Syngenta's requests reveals that they are not bound to information relating to GSP, and instead call for broad discovery of confidential Sharda USA business information unrelated to GSP.

Syngenta's subpoena requests that Sharda USA produce eight broad categories of documents related to regulatory filings concerning thiamethoxam, testing, manufacturing, sourcing and importation of thiamethoxam and a 30(b)(6) witness knowledgeable on nine deposition topics. (D.I. 4-2 at Ex. B). None of the requests are limited in time nor scope nor are they limited to information relevant to the potential claims against GSP.

Sharda USA merely imports of already-manufactured, third-party thiamethoxam that is made outside the United States.[7] There is nothing further within Sharda USA's possession, custody, or control, aside from its EPA registration filings—which are available from GSP—that would be responsive and

---

[6] *See supra* at Part II, ¶ 3 (noting that any interim injunction is unlikely given the expiry of Syngenta's Indian patent on October 25, 2021).

[7] Sharda USA does not have any written contract or agreement relating to thiamethoxam with GSP. Ex. 1 at ¶ 15.

not unduly burdensome in responding to these requests.  Likewise, the requested communications between Sharda USA and GSP are not relevant to Syngenta's potential claims in India,[8] and any such communications would be equally available from GSP in India.  (D.I. 4-2, Ex. B, Part B at ¶ 8).  Regardless, Sharda USA does not communicate with GSP; any such communications would be done by Sharda USA's parent company, Sharda Cropchem in India.  Ex. 1 at ¶ 16; *see Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 233 F.R.D. 143, 145 (D. Del. 2005) ("Although parent corporations have been required to produce documents held by their subsidiaries, . . . the converse is not true.").

      Finally, Syngenta requests information about Sharda USA's importation or plans to import thiamethoxam into the United States.  (D.I. 4-2, Ex. B, Part B at ¶ 9).  Again, this information has no relevance to Syngenta's purported plan to sue GSP in India.  Syngenta's patent covers a method of manufacturing thiamethoxam.  Sharda USA is distantly removed from any manufacturing process.  It only *imports* third-party thiamethoxam, which passes through several companies before it reaches Sharda USA.  For example, any thiamethoxam from GSP would have been first manufactured by third-party suppliers, then sold to GSP, then supplied it to Sharda Cropchem before any importation into the United States by Sharda USA.  Ex. 1 at ¶ 10-12.

---

[8] Sharda USA does not sell any products in India.  Ex. 1 at ¶ 13.

## IV.     Conclusion

For the reasons stated herein, Sharda USA respectfully requests that the Court deny Syngenta's §1782 motion.

|  |  |
|---|---|
| | */s/ Karen E. Keller* |
| | Karen E. Keller (No. 4489) |
| OF COUNSEL: | Nathan R. Hoeschen (No. 6232) |
| Cristen S. Rose | SHAW KELLER LLP |
| PALEY ROTHMAN | 1105 N. Market Street |
| 4800 Hampden Lane, 6th Floor | Wilmington, DE 19801 |
| Bethesda, MD 20814-2930 | (302) 298-0702 |
| (301) 951-9343 | kkeller@shawkeller.com |
| | nhoeschen@shawkeller.com |
| Dated: November 19, 2021 | *Attorneys for Sharda USA LLC* |

12

## CERTIFICATE OF SERVICE

I, Karen E. Keller, hereby certify that on November 19, 2021, this document was served on the persons listed below in the manner indicated:

**BY EMAIL**
Daniel J. Goettle
Jeffrey J. Lyons
BAKER & HOSTETLER
1201 North Market Street
Wilmington, DE 19801
(302) 468-7088
dgoettle@bakerlaw.com
jjlyons@bakerlaw.com

        */s/ Karen E. Keller*
        Karen E. Keller (No. 4489)
        Nathan R. Hoeschen (No. 6232)
        SHAW KELLER LLP
        I.M. Pei Building
        1105 North Market Street, 12th Floor
        Wilmington, DE 19801
        (302) 298-0700
        kkeller@shawkeller.com
        nhoeschen@shawkeller.com
        *Attorneys for Sharda USA LLC*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to the Court's November 6, 2019 Standing Order, I hereby confirm that this brief complies with the type and number limitations set forth in the Standing Order. I certify that this document contains 2,442 words, which were counted using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count does not include the cover page, tables, or the counsel blocks.

                */s/ Karen E. Keller*
                Karen E. Keller (No. 4489)
                Nathan R. Hoeschen (No. 6232)
                SHAW KELLER LLP
                I.M. Pei Building
                1105 North Market Street, 12th Floor
                Wilmington, DE 19801
                (302) 298-0700
                kkeller@shawkeller.com
                nhoeschen@shawkeller.com
                *Attorneys for Sharda USA LLC*