IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| APPLICATION OF SYNGENTA | ) | |
| CROP PROTECTION AG FOR AN | ) | C.A. No. 21-mc-375 (CFC) |
| ORDER PURSUANT TO 28 U.S.C. § | ) | |
| 1782 GRANTING LEAVE TO | ) | |
| OBTAIN DISCOVERY FOR USE IN | ) | |
| FOREIGN PROCEEDING | ) | |

**REPLY BRIEF IN SUPPORT OF SYNGENTA'S EX PARTE
APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
GRANTING LEAVE TO OBTAIN DISCOVERY
<u>FOR USE IN FOREIGN PROCEEDINGS</u>**

BAKER & HOSTETLER LLP
Daniel J. Goettle (#6664)
Jeffrey J. Lyons (#6437)
1201 North Market Street, Suite 1402
Wilmington, DE 19801-1147
(302) 319-2799
dgoettle@bakerlaw.com
jjlyons@bakerlaw.com

Toni-Junell Herbert
1050 Connecticut Avenue, NW, Suite 1100
Washington, D.C. 20036-5304
(202) 861-1578
therbert@bakerlaw.com

Dated:  December 13, 2021                    *Attorneys for Syngenta Crop Protection AG*

## TABLE OF CONTENTS

I.  INTRODUCTION ...................................................................................1

II. ARGUMENT........................................................................................1

    A.    Sharda USA Concedes That Syngenta's Application Satisfies the
Statutory Requirements of Section 1782(a) .........................................1

    B.    The Intel Discretionary Factors Do Not Weigh In Favor of Denying
Syngenta's Application ........................................................................2

        1.    The Receptivity of the Foreign Tribunal Factor Weighs in
Favor of Granting the Application...............................................2

        2.    The Circumvention of Discovery Procedures Factor Weighs
in Favor of Granting the Application..........................................4

        3.    The Burden of Discovery Requests Factor Weighs in Favor
of Granting the Application .......................................................6

    C.    The Declaration of Ramprakash V Bubna Should Be Afforded Little,
If Any, Weight and Supports Syngenta's Need for Discovery and
Production of a Sample .......................................................................8

III. CONCLUSION...................................................................................11

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Bayer AG*,
146 F.3d 188 (3d Cir. 1998) ................................................................4

*In re Chevron Corp.*,
633 F.3d 153 (3d Cir. 2011) ............................................................3, 5

*In re Eni S.p.A.*,
2021 WL 1063390 (D. Del. Mar. 19, 2021) ...................3, 4, 5, 6, 7, 8

*In re Gilead Pharmasset LLC*,
2015 WL 1903957 (D. Del. Apr. 14, 2015) ..............................2, 3, 4

*Intel Corp. v. Advanced Micro Devices, Inc.*,
542 U.S. 241 (2004)........................................................1, 2, 3, 4, 6

*In re IPC Do Nordeste, LTDA*,
2012 WL 4448886 (E.D. Mich. Sept. 25, 2012) ................................6

*Kulzer v. Esschem, Inc.*,
390 F. App'x 88 (3d Cir. 2010) ..........................................................2

*In re O'Keeffe*,
646 F. App'x 263 (3d Cir. 2016) ........................................................4

*Personal Audio, LLC v. Google LLC*,
2019 WL 2403086 (D. Del. June 7, 2019) ........................................1

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
233 F.R.D. 143 (D. Del. 2005) ........................................................10

**Statutes**

28 U.S.C. § 1782(a) ....................................................1, 2, 3, 4, 5, 6, 11

## I.   <u>INTRODUCTION</u>

Sharda USA concedes that Syngenta's application for an order granting leave to obtain discovery for use in a foreign proceeding satisfies the statutory requirements of 28 U.S.C. § 1782(a), skipping those requirements entirely and instead focusing on the discretionary *Intel* factors.  But Sharda USA's arguments ignore binding Third Circuit precedent, misapply the law, misconstrue the facts, are contrary to the evidence, and rely on a suspect declaration in an attempt to avoid Syngenta's targeted discovery requests.  For the reasons stated below, Sharda USA's arguments are without merit, Syngenta's application should be granted, and Syngenta should be authorized to serve its proposed subpoena on Sharda USA.

## II.   <u>ARGUMENT</u>

### A.   <u>Sharda USA Concedes That Syngenta's Application Satisfies the Statutory Requirements of Section 1782(a)</u>

In its answering brief, Sharda USA provides no argument regarding any of the statutory requirements of Section 1782(a).  *See, e.g.*, D.I. 15 at 5 (starting argument section with discussion of discretionary factors under *Intel*); D.I. 3 at 5-6.  Therefore, Sharda USA has waived any argument that Syngenta's application does not meet the statutory requirements of Section 1782(a).  *See, e.g.*, *Personal Audio, LLC v. Google LLC*, 2019 WL 2403086, at *2 n.4 (D. Del. June 7, 2019) (considering argument waived because not included in responding brief).

## B.    The *Intel* Discretionary Factors Do Not Weigh In Favor of Denying Syngenta's Application

Sharda USA's arguments that three of the four *Intel* factors weigh in favor of denying Syngenta's application ignore the twin aims of Section 1782, ignore the liberal interpretation of Section 1782, and misconstrue both the factual scenario here and Syngenta's arguments. *See In re Gilead Pharmasset LLC*, 2015 WL 1903957, at *2 (D. Del. Apr. 14, 2015) (explaining, after listing the *Intel* factors, that "[t]he court should remain mindful of the twin aims of § 1782:  (1) providing efficient assistance to participants in international litigation, and (2) encouraging foreign countries—by example—to provide similar assistance to our courts"); *see also Kulzer v. Esschem, Inc.*, 390 F. App'x 88, 92 (3d Cir. 2010) (noting the "liberal interpretation" of Section 1782(a)).   As described below, the *Intel* factors favor granting Syngenta's application.

### 1.    *The Receptivity of the Foreign Tribunal Factor Weighs in Favor of Granting the Application*

Sharda USA's argument Syngenta has failed to meet its burden in demonstrating that the Delhi High Court "would consider the evidence" sought to be produced omits a crucial qualification:  "The party opposing discovery bears the burden of persuading the court that the foreign tribunal would not consider the

2

discovery sought by the § 1782 order." *In re Gilead*, 2015 WL 1903957, at *3.[1]

Sharda USA provides no affirmative arguments or evidence that the Delhi High

Court would not be receptive to the information and documents Syngenta seeks via

its Section 1782 application, and thus it has failed to satisfy its burden.

Additionally, Sharda USA misrepresents the law by arguing that the

information and documents sought by Syngenta must "result in evidence admissible

in an Indian court." D.I. 15 at 6. Section 1782(a) merely requires that the discovery

is "for use in a proceeding in a foreign or international tribunal" and, specifically for

the *Intel* factors, that the foreign tribunal is "receptive[e]" to "U.S. federal-court

judicial assistance[.]" *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241,

264-65 (2004). Sharda USA's speculation about the admissibility of evidence at the

Delhi High Court is immaterial to Syngenta's request.

The statutory "for use" requirement does not require the Court to speculate as

to the admissibility of said evidence in the foreign tribunal. *See In re Eni S.p.A.*,

---

[1]     Sharda USA relies on *In re Gilead* for the proposition that the relevant inquiry
is whether "the foreign tribunal would consider the evidence produced pursuant to a
§ 1782 order," but omits the immediate next sentence in that opinion clarifying that
the burden is on the opposing party. *See* D.I. 15 at 6; *In re Gilead*, 2015 WL
1903957, at *3 ("Here, the relevant inquiry is whether the foreign tribunal would
consider the evidence produced pursuant to a § 1782 order. *In re Chevron Corp.*,
633 F.3d 153, 162-63 (3d Cir.2011). The party opposing discovery bears the burden
of persuading the court that the foreign tribunal would not consider the discovery
sought by the § 1782 order. *Id.*").

2021 WL 1063390, at *3 (D. Del. Mar. 19, 2021) (explaining that Section 1782 "does not require the district court to conduct" a speculative inquiry "as to the admissibility and usefulness of the evidence" the requesting party seeks); *see also In re Bayer AG*, 146 F.3d 188, 192 (3d Cir. 1998) (noting "that neither reciprocity nor admissibility [are] controlling concerns under § 1782(a)" and that "it 'would contradict the express purpose of section 1782' if the American court were required to predict the actions of another country's tribunal." (citation omitted)).

The relevant *Intel* factor inquiry under this factor "is not 'whether *particular* evidence would be admissible in a foreign court,' but whether the foreign tribunal is generally receptive to 'U.S. federal-court judicial assistance.'" *In re Eni S.p.A.*, 2021 WL 1063390, at *4 (emphasis in original) (quoting *In re O'Keeffe*, 646 F. App'x 263, 267 (3d Cir. 2016)). Therefore, whether the information or documents sought by Syngenta are "admissible" in the Delhi High Court has no bearing on the appropriateness of its Section 1782(a) request, and the Court "need only assess whether [Respondent] has satisfied its burden to show the foreign courts will not be receptive to th[e C]ourt's judicial assistance[,]" *In re Gilead*, 2015 WL 1903957, at *3, a burden Sharda USA has clearly not met here.

2.   *The Circumvention of Discovery Procedures Factor Weighs in Favor of Granting the Application*

Sharda USA ignores precedent and misstates the facts in arguing that Syngenta's application "conceals an attempt to circumvent foreign proof-gathering

restrictions or other policies." D.I. 15 at 6. "A discovery request pursuant to § 1782 is viewed as an attempt to circumvent foreign proof-gathering restrictions when the foreign tribunal has already rejected requests for the same documents." *In re Eni S.p.A.*, 2021 WL 1063390, at *4 (citing *In re Chevron Corp.*, 633 F.3d 153, 163 (3d Cir. 2011)). Sharda USA argues both that Syngenta is circumventing foreign proof-gathering by requesting information from Sharda USA (D.I. 15 at 6-7) *and* that Syngenta could obtain much of what it seeks from GSP in the foreign proceeding (*id.* at 8).

Further, Sharda USA oversimplifies the factual scenario presented here in arguing that Syngenta's "minimal, if any, attempts to obtain the requested discovery from the potentially named defendant, GSP, or any other companies in India, is telling." D.I. 15 at 6-7.

*First*, to the extent Sharda USA is arguing that the failure to first seek discovery in the foreign proceeding demonstrates an attempt to circumvent foreign proof-gathering restrictions, said argument would be contrary to Third Circuit precedent. *See In re Chevron Corp.*, 633 F.3d at 163; *In re Eni S.p.A.*, 2021 WL 1063390, at *4.

*Second*, the fact that at the time of its application Syngenta had only sought relevant documents and information from GSP via "an informal letter request" is not telling of any attempt to circumvent Delhi High Court proof-gathering restrictions.

Rather, as evident from Syngenta's memorandum in support of its application, a result of GSP's failure to provide the requested information and sample (D.I. 3 at 2-3) and the fact that Syngenta sought discovery from Sharda USA to assist with its filing of a patent infringement action and interim injunction against GSP (*id.* at 6), begging the question of how Syngenta could have used anything other than "an informal letter" to request documents from GSP.[2]

*Third*, Sharda USA's reliance on nonbinding caselaw for the proposition that a court should not "overlook [an applicant's] failure to attempt *any discovery measures* in [the foreign tribunal] in making the discretionary decision now before it" is (1) misleading because the quoted language was used in a section discussing the first *Intel* factor (that the target of discovery is also a participant in the foreign litigation, said factor being conceded as supporting Syngenta's application; and (2) Sharda USA admits Syngenta has attempted some discovery measures.  D.I. 15 at 7.

      3.    *The Burden of Discovery Requests Factor Weighs in Favor of Granting the Application*

Sharda USA argues broadly that Syngenta's discovery requests and deposition

---

[2] According to nonbinding authority Sharda USA itself cites, there is no requirement that Syngenta have sought information in a foreign forum before seeking discovery under Section 1782.  *See In re IPC Do Nordeste, LTDA*, 2012 WL 4448886, at *8 (E.D. Mich. Sept. 25, 2012) ("To summarize, a § 1782 applicant is not required to seek the information in a foreign forum before seeking to subpoena it in a federal district court.").

topics are "overly broad or unduly burdensome," but provides no cohesive arguments or specifics for why said requests are in fact objectionable and misstates Syngenta's stated reasons for seeking discovery from Sharda US.

*First*, Sharda USA appears to take issue with Syngenta's discovery requests based on an erroneous conclusion that said requests are relevant only to Syngenta's "goal of obtaining a potential interim injunction against GSP in India (not even the filing of the action itself)." D.I. 15 at 8-9. To the contrary, Syngenta's memorandum in support of its application explained that the information and documents it is requesting are relevant to both "infringement of Syngenta's Indian patent, and the imminence of harm from such infringement[,]" D.I. 3 at 7; *see also id.* at 1 (explaining that the evidence sought "will assist in establishing GSP's infringement, and which will assist in establishing that such products have already been sold, distributed or offered for sale and exportation"); *id.* at 8-9 ("The information requested, including documents provided to regulatory agencies, any testing information or other analyses of the thiamethoxam products to be sold or information relating to their method of manufacture, will be directly relevant to issues of whether GSP is infringing Syngenta's Indian patent.").

*Second*, Sharda USA appears to misunderstand actions constituting patent infringement and the relevance of documents relating to Sharda USA's importation of GSP's infringing thiamethoxam.   Sharda USA admits that it imports

7

thiamethoxam into the United States (D.I. 15 at 9), that Sharda USA submits EPA registration documents for thiamethoxam (*id.*), and that Sharda USA imports thiamethoxam from its parent company, who purchased the thiamethoxam from GSP (*id.* at 10; *see also* D.I. 15-1 at ¶¶ 10-12).  The recitations by Sharda USA's declarant are exactly the sort of information being sought by Syngenta; e.g., information regarding whether GSP is exporting infringing thiamethoxam from India, the entities to whom it is selling same, and the amount of said sales.  This is relevant both to acts of infringement (making and exporting) as well as damages (which could be demonstrated both by amounts of thiamethoxam purchased by Sharda Cropchem or by amounts of thiamethoxam imported into the United States by Sharda USA that originate with GSP).

*Third*, Sharda USA admits that its full, unredacted EPA registration filings are within its possession, custody, or control and implies that said EPA registration filings are responsive and not unduly burdensome to produce.  *See* D.I. 15 at 9-10. At the very least, Sharda USA should be required to produce copies of its full, unredacted EPA registration filings concerning thiamethoxam.

C.   **The Declaration of Ramprakash V Bubna Should Be Afforded Little, If Any, Weight and Supports Syngenta's Need for Discovery and Production of a Sample**

Sharda USA submitted the declaration of Ramprakash V Bubna in support of its opposition to Syngenta's application for discovery.  As evident from even a

cursory review of the declaration and answering brief, there are inconsistencies that raise concerns as to the veracity of the declaration and of Sharda USA's alleged knowledge regarding the sales and sourcing of thiamethoxam from GSP, exactly the types of information that Syngenta seeks for use in the patent infringement proceeding against GSP at the Delhi High Court.

Mr. Bubna's declaration purports to be based on his personal knowledge in his role as a director at Sharda USA LLC. D.I. 15-1 at ¶¶ 1, 4. However, Mr. Bubna neglects to mention he is also the chairman and managing director of Sharda Cropchem Ltd. in India, a company he allegedly co-founded. *See* Second Declaration of Jeffrey J. Lyons ("Lyons Decl. II") at Exs. A & B.

Mr. Bubna also asserts that Sharda USA merely "imports the technical ingredient [thiamethoxam] into the United States, which [Sharda US] then packages and formulates for distribution into the US market." D.I. 15-1 at ¶ 7. However, Syngenta is aware that Sharda USA imports formulations consisting of thiamethoxam (25% and 40%) into the United States. *See* Lyons Decl. II at Ex. C. Thus, Mr. Bubna's statement that Sharda USA "packages and formulates" thiamethoxam "for distribution into the US market" appears in direct contradiction to importation documents and what Sharda USA represents to the EPA. *See, e.g.*, Lyons Decl. II at Ex. D.

Finally, Sharda USA appears to use its status as a mere importer of

thiamethoxam and a subsidiary of Sharda Cropchem as both a sword and shield.  *See* D.I. 15 at 9 ("Sharda USA merely imports [] already-manufactured, third-party thiamethoxam that is made outside the United States."), 10 ("Sharda USA does not communicate with GSP; any such communications would be done by Sharda USA's parent company, Sharda Cropchem in India." (citing *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 233 F.R.D. 143, 145 (D. Del. 2005))).

Sharda USA at times argues that it has:  (1) no communication with GSP (D.I. 15 at 10 ("Sharda USA does not communicate with GSP[.]"); D.I. 15-1 at ¶ 16); or (2) no written contract or agreement relating to thiamethoxam with GSP (D.I. 15 at 9 n.7; D.I. 15-1 at ¶ 15), but also claims to know that (1) "GSP has identified the third-party manufacturer for its thiamethoxam and provided GSP [sic] a copy of the manufacturing process the third party uses to make the technical ingredient that is supplied by GSP" (D.I. 15 at 8 n.5); (2) its parent company Sharda Cropchem communicates with GSP (*id.* at 10; D.I. 15-1 at ¶ 16); (3) its parent company has no written contract with GSP (D.I. 15 at 3; D.I. 15-1 at ¶ 14); (4) its parent company purchases thiamethoxam from GSP (D.I. 15-1 at ¶ 12); and (5) although GSP has no contract or communication with Sharda USA, GSP inexplicably has Sharda USA's EPA registration filings (D.I. 15 at 9).  Sharda cannot have it both ways; they cannot be devoid of anything to produce, yet know all facts regarding Sharda Cropchem and GSP.

## III.   **CONCLUSION**

For the foregoing reasons, Syngenta's application pursuant to 28 U.S.C. § 1782(a) should be granted and Syngenta authorized to serve its proposed subpoena and discovery requests on Sharda USA.

Dated:  December 13, 2021              BAKER & HOSTETLER LLP

/s/  *Jeffrey J. Lyons*
Daniel J. Goettle (#6664)
Jeffrey J. Lyons (#6437)
1201 North Market Street, Suite 1402
Wilmington, DE 19801-1147
(302) 319-2799
dgoettle@bakerlaw.com
jjlyons@bakerlaw.com

Toni-Junell Herbert
1050 Connecticut Avenue, NW, Suite 1100
Washington, D.C. 20036-5304
(202) 861-1578
therbert@bakerlaw.com

*Attorneys for Syngenta Crop Protection AG*

11

## **CERTIFICATE OF COMPLIANCE**

I certify that the word-processing program used to prepare this document calculated the word count, excluding caption, tables, and signature block, to be 2,452 words, and this filing complies with the type, font, and word limitations in the Standing Order Regarding Briefing In All Cases dated November 6, 2019.

/s/ *Jeffrey J. Lyons*
Jeffrey J. Lyons (#6437)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 13, 2021, I caused the foregoing to be electronically filed with the Clerk of Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 13, 2021, upon the following in the manner indicated:

Karen E. Keller, Esquire                          *VIA ELECTRONIC MAIL*
Nathan R. Hoeschen, Esquire
SHAW KELLER LLP
1105 N. Market Street
Wilmington, DE 19801
*Attorneys for Sharda USA LLC*

Cristen S. Rose, Esquire                          *VIA ELECTRONIC MAIL*
PALEY ROTHMAN
4800 Hampden Lane, 6th Floor
Bethesda, MD 20814
*Attorneys for Sharda USA LLC*

<u>/s/ *Jeffrey J. Lyons*</u>
Jeffrey J. Lyons (#6437)

13