IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE THE APPLICATION OF SYNGENTA CROP PROTECTION AG. | MISC No. 21-mc-375-CFC |

Jeffrey J. Lyons, BAKER & HOSTETLER LLP, Wilmington, Delaware; Daniel Goettle, BAKER & HOSTETLER LLP, Philadelphia, Pennsylvania

*Counsel for Petitioner*

Karen Elizabeth Keller, Nathan Roger Hoeschen, SHAW KELLER LLP, Wilmington, Delaware

*Counsel for Respondent*

## MEMORANDUM OPINION

May 26, 2022
Wilmington, Delaware

_____
COLM F. CONNOLLY
CHIEF JUDGE

Pending before me is an application filed by Syngenta Crop Protection AG (Syngenta) pursuant to 28 U.S.C. § 1782 for an order authorizing it to serve a subpoena on Sharda USA LLC seeking discovery for use in a future litigation in India. D.I. 3 at 1. Sharda opposes the application. D.I. 15.

## I. BACKGROUND

Syngenta seeks discovery for use in an Indian patent infringement lawsuit that it plans to file "upon receipt of the information from [Sharda]." D.I. 3 at 1. Syngenta explains that the dispute arises from GSP Crop Science Private Limited of India's (GSP) manufacturing of the pesticide thiamethoxam in violation of a Syngenta patent claiming methods of synthesizing thiamethoxam. D.I. 3 at 1. Syngenta believes that GSP supplies thiamethoxam to Sharda, and thus Syngenta anticipates that Sharda "possesses information that will assist in establishing GSP's infringement[.]" D.I. 3 at 1. Syngenta represents that it has been "pursuing a parallel path corresponding with GSP" to "obtain the necessary evidence and documentation required by the Indian court to substantiate the initial pleading and request for interim injunction." D.I. 3 at 2–3. Syngenta asserts that it has been unable to obtain the information from GSP and thus seeks it here from Sharda. D.I. 3 at 3.

## II. LEGAL STANDARD

A district court has authority to grant an application under § 1782 when three statutory conditions are met: (1) the person from whom discovery is sought "resides or is found" within the district; (2) the discovery is "for use in a proceeding before a foreign or international tribunal"; and (3) the application is made by an "interested person." 28 U.S.C. § 1782(a); *see also In re Bayer AG*, 146 F.3d 188, 193 (3d Cir. 1998).

If the statutory conditions are satisfied, the decision to grant a § 1782 application lies within the district court's discretion. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). The Court identified in *Intel* four factors relevant to that discretionary determination: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign government to federal judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies; and (4) whether the request is unduly intrusive or burdensome. *Id.* at 264–65. "A court should apply these factors in support of § 1782's 'twin aims' of 'providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our

2

courts.'" *In re Biomet Orthopaedics Switzerland GmBh*, 742 F. App'x 690, 696 (3d Cir. 2018) (quoting *Intel*, 542 U.S. at 252).

## III. DISCUSSION

Sharda does not dispute that the statutory requirements are satisfied here but argues that I should use my discretion to deny the application because the *Intel* factors favor denial. D.I. 15 at 5. Regarding the first *Intel* factor, Sharda does not dispute that it is not a participant in the foreign proceeding. D.I. 15 at 5 n.4. Thus, the first factor favors granting the application.

I consider the second factor to be neutral. Syngenta submits a declaration from a lawyer in India representing that there is no indication from the Indian government that assistance from this Court would be "unwelcome." D.I. 5 ¶ 7. Sharda faults Syngenta for not presenting more compelling evidence in support of the second fact, but, as the party opposing discovery, Sharda "bear[s] the burden [of] demonstrating offense to the foreign jurisdiction." *In re Chevron Corp.*, 633 F.3d 153, 162 (3d Cir. 2011) (internal quotation marks and citation omitted). Because Sharda has offered no evidence suggesting that the Indian court would not be receptive to this Court's assistance, I will accept Syngenta's representation.

That said, I am not convinced that the factor entirely favors granting the application. The second factor also permits consideration of the "character of proceedings underway abroad[.]" *Intel*, 542 U.S. at 244. In *Intel*, the Court

3

explained that a proceeding does not need to be imminent or pending but that it must be within "reasonable contemplation." *Id.* at 259. I am not convinced that the proceeding here meets that requirement. Syngenta repeatedly explains that it must "provide as much relevant evidence of infringement and the imminence of harm as possible to the court" to request an interim injunction. D.I. 3 at 3; *see also* D.I. 3 at 3 ("Syngenta's application is a good faith effort to obtain discovery necessary to support its claim for an interim injunction[.]"); D.I. 3 at 7 ("Because of the nature of the relief being sought by Syngenta[—]an interim injunction, requires proof and supporting evidence early in the case, engaging in the slow process of seeking third-party discovery from Sharda through the Hague Convention[] is not practicable in these circumstances."); D.I. 3 at 8 (The discovery requests "are narrowly focused on gathering evidence to support Syngenta's goal of obtaining an interim injunction in the foreign proceeding.").

But, in its opposition, Sharda represents that Syngenta's patent expired in October 2021, so, it argues, the court would be unlikely to grant an injunction. D.I. 15 at 1–2. Syngenta does not dispute that the patent has expired nor does it refute the argument that it is unlikely to get an injunction for an expired patent. *See generally* D.I. 17. Rather, it argues that the information is also relevant to past infringement of its patent and "establishing that [infringing] products have already been sold[.]" D.I. 17 at 7. Although this theory seems plausible, Syngenta's initial

4

insistence of its need for the requested discovery to obtain an injunction coupled with its lack of response to Sharda's patent expiration argument makes me question whether Syngenta has reasonably contemplated this potential proceeding. For this reason, I find that this factor is neutral.

The third factor weighs in favor of denial. Syngenta argues that it is not trying to circumvent foreign proof-gathering restrictions by seeking discovery through this Court but rather that it seeks discovery here because it must accompany its pleadings in the future Indian proceeding with documentary evidence to obtain injunctive relief. D.I. 3 at 7–8. Given Syngenta's lack of response to the patent expiration argument, I give little weight to this injunction argument. Setting that argument aside, this application appears to be an attempt to substitute this Court's discovery rules for Indian discovery rules: Syngenta does not dispute that GSP has access to the information that it requests from Sharda, so I am left questioning why Syngenta came to this Court to get information from Sharda rather than go through the Indian court and employ Indian discovery rules to get the same information from GSP unless it did so to circumvent less favorable discovery rules.

Ultimately, it is the fourth factor that weighs heaviest in favor of denial. Syngenta describes its requests as "small in number and scope" and "narrowly focused" on Sharda's possession of thiamethoxam products. D.I. 3 at 8. Although

5

all the deposition topics are limited to thiamethoxam, only two of the nine topics are limited to GSP's thiamethoxam; the rest of the topics broadly cover all information related to any thiamethoxam without any time restrictions. D.I. 4-2 at 7–8. Syngenta's document requests are similarly largely untethered to GSP. D.I. 4-2 at 9–10. Syngenta offers no reason it needs information regarding thiamethoxam manufactured by entities other than GSP or why it would need information pertaining to the time period after the patent's expiration. D.I. 17 at 7–8. Thus, I find the requested discovery is intrusive to Sharda's business relationships with entities that Syngenta has not alleged are infringing its patent, burdensome for Sharda because the requests are not limited to a specific time period or, for the most part, to a specific entity, and largely irrelevant to the dispute between Syngenta and GSP. In short, this application appears to be a fishing expedition into a nonparty's affairs, and this factor strongly favors denial.

## IV. CONCLUSION

Although Syngenta has met the statutory requirements for a § 1782 application, I suspect that Syngenta may be using § 1782 to circumvent Indian discovery rules and find the discovery requests burdensome and intrusive. Thus, I find the *Intel* factors on the whole favor denial of the application, and accordingly I will exercise my discretion to deny the application.

6