IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| APPLICATION OF SYNGENTA ) | |
| CROP PROTECTION AG FOR AN ) | C.A. No. 21-mc-375 (CFC) |
| ORDER PURSUANT TO 28 U.S.C. § ) | |
| 1782 GRANTING LEAVE TO ) | |
| OBTAIN DISCOVERY FOR USE IN ) | |
| FOREIGN PROCEEDING ) | |

**APPLICANT'S MOTION FOR RECONSIDERATION OF ORDER
DENYING APPLICATION FOR LEAVE TO OBTAIN DISCOVERY
<u>FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782</u>**

BAKER & HOSTETLER LLP
Daniel J. Goettle (#6664)
Jeffrey J. Lyons (#6437)
1201 North Market Street, Suite 1402
Wilmington, DE 19801-1147
(302) 319-2799
dgoettle@bakerlaw.com
jjlyons@bakerlaw.com

Toni-Junell Herbert
1050 Connecticut Avenue, NW, Suite 1100
Washington, D.C. 20036-5304
(202) 861-1578
therbert@bakerlaw.com

Dated:  June 9, 2022            *Attorneys for Syngenta Crop Protection AG*

## TABLE OF CONTENTS

Page

I.  INTRODUCTION ................................................................................................1

II. THE ORDER'S FOCUS ON THE APPLICATION SEEKING DISCOVERY FOR USE WITH A POTENTIAL INJUNCTION RATHER THAN ALSO CONSIDERING THE EXPRESSLY STATED RELEVANCE OF THE DISCOVERY FOR PROVING INFRINGEMENT ISSUES IS AN ERROR OF FACT WARRANTING RECONSIDERATION ................................................................................................3

III. THE ORDER'S FINDING THAT SYNGENTA IS TRYING TO CIRCUMVENT FOREIGN PROOF-GATHERING RESTRICTIONS PRESENTS AN ERROR OF FACT SUCH THAT RECONSIDERATION IS WARRANTED BECAUSE SYNGENTA DISPUTED THAT ALL OF THE INFORMATION SOUGHT WAS AVAILABLE BY GSP ..................5

IV. THE ORDER'S FINDING THAT SYNGENTA IS TRYING TO CIRCUMVENT FOREIGN PROOF-GATHERING RESTRICTIONS IS CONTRARY TO LAW SUCH THAT RECONSIDERATION IS WARRANTED................................................................................................7

V.  THE ORDER'S DENIAL OF ANY DISCOVERY SHOULD BE RECONSIDERED TO PREVENT MANIFEST INJUSTICE BY ALLOWING MORE TARGETED DISCOVERY REQUESTS....................8

    A.  The Intel Decision Allows Discovery Requests to Be Trimmed To Reduce Burden ................................................................................8

    B.  Syngenta Offered to Limit Its Discovery Requests in the Extreme to Sharda USA's EPA Registration Filings, which Are Admittedly Unobtainable from GSP ........................................................9

VI. CONCLUSION................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Chevron Corp.*,
  633 F.3d 153 (3d Cir. 2011) ................................................................................2, 6, 7

*In re Eni S.p.A.*,
  2021 WL 1063390 (D. Del. Mar. 21, 2021) ..................................................2, 4, 7

*In re Gilead Pharmasset LLC*,
  2015 WL 1903957 (D. Del. Apr. 15, 2015) ....................................................8, 10

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  542 U.S. 241 (2004) ..............................................................................2, 3, 5, 6, 8

*Kelly v. Swartz*,
  2021 WL 7209530 (D. Del. Dec. 22, 2021) ......................................................4, 5

*In re Mota*,
  2020 WL 95493 (D. Del. Jan. 8, 2020) ..................................................................9

*Trs. of Columbia Univ. in City of New York v. Illumina, Inc.*,
  2020 WL 7186843 (D. Del. Dec. 7, 2020) ........................................................1, 2

**Statutes**

28 U.S.C. § 1782 ..............................................................................1, 2, 3, 6, 7, 10

28 U.S.C. § 1782(a) ...............................................................................................6, 10

**Rules**

Delaware Local Rule 7.1.5 ........................................................................................1

## I.   INTRODUCTION

Pursuant to Delaware Local Rule 7.1.5, Applicant Syngenta Crop Protection AG ("Syngenta") respectfully moves for reconsideration of the Court's May 26, 2022, Opinion and Order denying Syngenta's application for leave to obtain discovery for use in a foreign proceeding pursuant to 28 U.S.C. § 1782 directed to Sharda USA LLC ("Sharda USA").  D.I. 20; D.I. 21.  Syngenta understands that motions for reconsideration are sparingly granted, and it does not file this motion lightly or merely because it did not prevail.  Rather, Syngenta files this motion because there is "a need to correct a clear error of law or fact" with respect to the Opinion, and further requests consideration to "prevent manifest injustice."  *See, e.g.*, *Trs. of Columbia Univ. in City of New York v. Illumina, Inc.*, 2020 WL 7186843, at *1 (D. Del. Dec. 7, 2020).

*First*, Syngenta believes there is a need to correct two clear errors of fact.  The Opinion fails to consider the express statements in the Application discussing the relevance of the requested discovery to proving infringement in the Indian action.  *See* D.I. 3 at 1, 6-9.  The Opinion's focus on "initial insistence of [Syngenta's] need for the requested discovery to obtain an injunction" while overlooking the changed circumstances presented in Syngenta's reply brief (resulting in part from Respondent's requested extensions to the deadline to file an opposition to the Application), specifically that suit had been filed.  D.I. 20 at 4-5.  The other error of

fact is the finding that "Syngenta does not dispute that GSP has access to the information that it requests from Sharda" (*id.* at 5), which fails to consider arguments by Syngenta to the contrary (D.I. 17 at 7-8, 10), and Sharda USA's own statements that not all of the information sought is within GSP's possession (D.I. 15 at 5, 9-10).

*Second*, Syngenta believes there is a need to correct a clear error of law; specifically, the Opinion's finding that Syngenta was attempting to "substitute this Court's discovery rules for Indian discovery rules[.]" D.I. 20 at 5. The Third Circuit has found that "[a] discovery request pursuant to § 1782 is viewed as an attempt to circumvent foreign proof-gathering restrictions when the foreign tribunal has already rejected requests for the same documents." *In re Eni S.p.A.*, 2021 WL 1063390, at *4 (D. Del. Mar. 21, 2021) (citing *In re Chevron Corp.*, 633 F.3d 153, 163 (3d Cir. 2011)). Here, Syngenta has sought information from GSP (to date, unsuccessfully) and no foreign tribunal has denied any such requests.

*Third*, to prevent manifest injustice, Syngenta requests that the Court reconsider its denial of the Application and instead use its discretion to allow for "trimmed" discovery requests. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 265 (2004). Sharda USA does not dispute that it has information relevant to the Indian action, and thus allowing a more targeted subset of discovery requests as allowed by the *Intel* Court will prevent manifest injustice.

## II. THE ORDER'S FOCUS ON THE APPLICATION SEEKING DISCOVERY FOR USE WITH A POTENTIAL INJUNCTION RATHER THAN ALSO CONSIDERING THE EXPRESSLY STATED RELEVANCE OF THE DISCOVERY FOR PROVING INFRINGEMENT ISSUES IS AN ERROR OF FACT WARRANTING RECONSIDERATION

The Order found *Intel* factor 2 neutral because of Syngenta's "initial insistence of its need for the requested discovery to obtain an injunction coupled with its lack of response to Sharda's patent expiration argument" made the Court "question whether Syngenta has reasonably contemplated this potential proceeding." D.I. 20 at 4-5. Respectfully, Syngenta believes this conclusion is an error of fact warranting reconsideration. Syngenta requested the discovery as relevant to "infringement of Syngenta's Indian patent" and as relevant to a preliminary injunction. *See* D.I. 3 at 1, 7-9. Syngenta explicitly stated that it would use the requested discovery for filing its patent infringement action in India in the context of proving that the Application met the Section 1782 statutory threshold (D.I. 3 at 6), **which Sharda USA did not dispute** (D.I. 20 at 3 (emphasis added) (citing D.I. 15 at 5)). Although made in the context of the statutory threshold requirement, Sharda USA's acquiescence to this fact acknowledges that Syngenta would use the requested information in the Indian patent infringement action.

Further, although Syngenta argued that the litigation against GSP was within "reasonable contemplation" at the time of the Application, the duration of time between the Application and the remaining briefing raised the litigation from

3

reasonably contemplated to actually filed. *See* D.I. 17 at 5-6 (noting in response to Sharda USA's arguments that "***at the time of its application*** Syngenta had only sought relevant documents and information from GSP" (emphasis added)); D.I. 19. In hindsight, the fact that the Indian infringement action had actually been filed (it was filed October 22, 2021, before Sharda USA's answering brief was filed) could have been made more clearly, however Syngenta believed then and believes now that its argument in the Application that suit was reasonably anticipated was sufficient and that it was clear that suit would be filed with or without the requested discovery. *See* D.I. 3 at 1 (explaining that the "Indian proceeding ***will*** be based on a patent infringement dispute[,]" that Syngenta "intends to prove that GSP" is infringing, and that the requested discovery would "assist in establishing GSP's infringement" (emphasis added)); *see also id.* at 2 ("Syngenta has given notice to GSP of ... its intent to file the patent infringement suit[.]").

Further, Sharda USA never argued that it was unlikely that Syngenta would file suit or that suit against GSP was not "within reasonable contemplation." *See generally* D.I. 15 at 6-8. As such, Sharda USA acquiesced to this factor, and because GSP has the burden as to this factor, the factor must weigh in favor of granting the Application. *See Kelly v. Swartz*, C.A. No. 21-1490-CFC, 2021 WL 7209530, at *1 (D. Del. Dec. 22, 2021) (noting that reargument may be appropriate where the Court "'has made a decision outside the adversarial issues presented to the court by the

4

parties" (citation omitted)).

In addition, because the original Application sought discovery for use in proving infringement of Syngenta's patent by GSP in a suit that was intended to be and was ultimately filed, Syngenta respectfully believes the Opinion's questioning "whether Syngenta reasonably contemplated" the proceeding against GSP as a factor supporting denial of the Application is an error of fact warranting reconsideration.

### III. THE ORDER'S FINDING THAT SYNGENTA IS TYRING TO CIRCUMVENT FOREIGN PROOF-GATHERING RESTRICTIONS PRESENTS AN ERROR OF FACT SUCH THAT RECONSIDERATION IS WARRANTED BECAUSE SYNGENTA DISPUTED THAT ALL OF THE INFORMATION SOUGHT WAS AVAILABLE BY GSP

The Opinion found *Intel* factor 3 did not favor granting the Application because the Application "appears to be an attempt to substitute this Court's discovery rules for Indian discovery rules" and that "Syngenta does not dispute that GSP has access to the information that it requests from Sharda." D.I. 20 at 5. Respectfully, Syngenta believes this is an error of fact warranting reconsideration. Specifically, Sharda USA admits that not all of the requested discovery is in GSP's possession. *See* D.I. 15 at 5 (asserting "***much*** of the information [Syngenta] seeks is duplicative with that possessed by GSP" (emphasis added)); *see also id.* at 8 (asserting "***much*** of what is requested would be in the possession of GSP" (emphasis added)). As to what is not within GSP's possession, this includes documents Sharda USA submitted to regulatory agencies that are uniquely within Sharda USA's

5

possession. Also, testing information performed by Sharda USA that could be used to verify GSP's information (should it ever be provided). D.I. 3 at 8-9; D.I. 17 at 7.

The declaration of Ramprakash V. Bubna in support of Sharda USA's answering brief further demonstrates this point. *See* D.I. 17 at 8-10. Mr. Bubna attempts to argue that there is no connection between Sharda USA and GSP, noting that Sharda USA "imports thiamethoxam into the United States (D.I. 15-1 at ¶ 7), and files "registrations with the EPA for approval to import and sell end-use thiamethoxam products in the United States" (*id.* at ¶ 7). Mr. Bubna further writes that Sharda USA has "no written contract" with GSP, nor does "Sharda USA ... communicate with GSP." *Id.* at ¶¶ 14-16. As such, Mr. Bubna admits that Sharda USA is the only party from which Syngenta can obtain the documents Sharda USA submitted to the EPA regarding their technical and end-use registrations for thiamethoxam. Consistent with *Intel*, these filings are unobtainable absent Section 1782, *see Intel*, 542 U.S. at 264, and Sharda USA therefore did not meet its burden in demonstrating that the *Intel* factors favored denial. It was Sharda USA's burden to demonstrate that this and the other *Intel* factors favored denial of the Application, and Sharda USA's conflicting statements do not support such a conclusion. *See, e.g., In re Chevron Corp.*, 633 F.3d at 162 ("Inasmuch as relevant evidence is presumptively discoverable, '[t]he party opposing discovery [under section 1782(a)] has the "burden of demonstrating offense to the foreign jurisdiction, or any other

6

facts warranting the denial of a particular application.""""); D.I. 17 at 10.

Respectfully, Syngenta believes the Opinion's conclusion that "Syngenta does not dispute that GSP has access to the information that it requests from Sharda" demonstrates an error of fact warranting reconsideration.

### IV. THE ORDER'S FINDING THAT SYNGENTA IS TYRING TO CIRCUMVENT FOREIGN PROOF-GATHERING RESTRICTIONS IS CONTRARY TO LAW SUCH THAT RECONSIDERATION IS WARRANTED

The Opinion's finding that the Application "appears to be an attempt to substitute this Court's discovery rules for Indian discovery rules" (D.I. 20 at 5) also presents an error of law warranting reconsideration. "A discovery request pursuant to § 1782 is viewed as an attempt to circumvent foreign proof-gathering restrictions when the foreign tribunal has already rejected requests for the same documents." *In re Eni S.p.A.*, 2021 WL 1063390, at *4 (citing *In re Chevron Corp.*, 633 F.3d at 163); *see also* D.I. 17 at 5. That has not occurred in this case.

Here, Syngenta has sought information from GSP without success (D.I. 3 at 2-3; D.I. 15 at 7; D.I. 17 at 6; D.I. 19), and no foreign tribunal has rejected any of the requests Syngenta has made on GSP. Further, as noted above, certain requested information is admittedly not in the possession of GSP. For these reasons, Syngenta respectfully requests reconsideration of the Opinion's finding that the Application was an attempt to substitute the Court's discovery rules for Indian discovery rules.

7

V. **THE ORDER'S DENIAL OF ANY DISCOVERY SHOULD BE RECONSIDERED TO PREVENT MANIFEST INJUSTICE BY ALLOWING MORE TARGETED DISCOVERY REQUESTS**

  A. *The Intel Decision Allows Discovery Requests to Be Trimmed To Reduce Burden*

The Opinion found the fourth *Intel* factor to weigh "heaviest in favor of denial" because the scope of requested discovery was "intrusive to Sharda's business relationships with entities that Syngenta has not alleged are infringing its patent, burdensome for Sharda because the requests are not limited to a specific time period or, for the most part, to a specific entity, and largely irrelevant to the dispute between Syngenta and GSP." D.I. 20 at 5-6. Syngenta respectfully requests that the Court reconsider the Opinion to prevent manifest injustice by "trimming" the requested discovery to an appropriate scope that reduces the burden on Sharda USA but also allows Syngenta to collect information it has failed to, or otherwise could not, get directly from GSP.

The Supreme Court held in *Intel* that "unduly intrusive or burdensome requests may be rejected or trimmed." 542 U.S. at 265; *see also In re Gilead Pharmasset LLC*, 2015 WL 1903957, at *5 (D. Del. Apr. 14, 2015) (explaining that "a § 1782 request may be 'rejected or trimmed' if the court finds the § 1782 request to be 'unduly intrusive or burdensome.'" (quoting *Intel*, 542 U.S. at 265)); D.I. 3 at 8; D.I. 17 at 8 ("Sharda USA admits that its full, unredacted EPA registration filings are within its possession, custody, or control and implies that said EPA registration

8

filings are responsive and not unduly burdensome to produce." (citing D.I. 15 at 9-10)).

Sharda USA provides broad objections that the requests "call for broad discovery of confidential Sharda USA business information" and "are not limited in time nor scope." D.I. 15 at 9. Syngenta and Sharda USA had previously worked to reach agreement as to an acceptable scope of requests prior to the filing of Sharda USA's answering brief, including Syngenta authorizing numerous extension requests (D.I. 8, 9, 11, 13), after which Sharda USA abruptly declined to continue negotiating as to the scope of the requests. *See* Ex. A (Nov. 22, 2021 Email from K. Keller to J. Lyons). Should the Court reconsider and Syngenta be allowed to serve discovery requests, there is nothing preventing Sharda USA from objecting to and seeking to narrow the scope of said discovery requests, including via entry of a protective order. *See, e.g.*, *In re Mota*, 2020 WL 95493, at *2 (D. Del. Jan. 8, 2020) (noting "the proposed subpoena *duces tecum* attached to the [a]pplication ... [wa]s sufficiently narrow given the scope of the Brazilian action and Respondent's eventual opportunity to object and/or submit a motion to quash or modify the subpoena").

### B. *Syngenta Offered to Limit Its Discovery Requests in the Extreme to Sharda USA's EPA Registration Filings, which Are Admittedly Unobtainable from GSP*

Syngenta has sought relevant information from GSP and to date has failed to

9

receive the requested information.  *See* D.I. 3 at 2-3; D.I. 19.  Sharda USA is in possession of relevant information, including Sharda USA's own EPA registration filings (D.I. 15 at 9), which are uniquely in the possession of Sharda USA and not GSP.  If the Court were to reconsider its denial of the Application, and then take an extremely limited approach to discovery, at the very least the technical and end-use registration documentation submitted by Sharda USA to the EPA should be produced.  In fact, prior to Sharda USA filing its answering brief, Syngenta offered and was willing to accept that documentation in exchange for not continuing this Section 1782 action.  *See* Ex. A; *see also* D.I. 8, 9, 11, 13.

By trimming the discovery requests it found were overly broad and burdensome to Sharda USA, the Court could prevent manifest injustice by allowing more targeted discovery instead of outright denying the Application, which would provide some help to Syngenta with its foreign litigation, would present little burden to Sharda USA (D.I. 17 at 9 (citing D.I. 15 at 9-10)), and would accomplish the twin aims of Section 1782.  *See In re Gilead Pharmasset LLC*, 2015 WL 1903957, at *2.

## VI.  CONCLUSION

For the foregoing reasons, Syngenta respectfully requests that the Court reconsider its Opinion and Order denying Syngenta's application for an order granting leave to obtain discovery for use in a foreign proceeding pursuant to 28 U.S.C. § 1782(a).

Dated:  June 9, 2022                                BAKER & HOSTETLER LLP

/s/ *Jeffrey J. Lyons*
Daniel J. Goettle (#6664)
Jeffrey J. Lyons (#6437)
1201 North Market Street, Suite 1402
Wilmington, DE 19801-1147
(302) 319-2799
dgoettle@bakerlaw.com
jjlyons@bakerlaw.com

Toni-Junell Herbert
1050 Connecticut Avenue, NW, Suite 1100
Washington, D.C. 20036-5304
(202) 861-1578
therbert@bakerlaw.com

*Attorneys for Syngenta Crop Protection AG*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the word-processing program used to prepare this document calculated the word count, excluding caption, tables, and signature block, to be 2,466 words, and this filing complies with the type, font, and word limitations in the Standing Order Regarding Briefing In All cases dated November 6, 2019.

/s/ *Jeffrey J. Lyons*
Jeffrey J. Lyons (#6437)

## CERTIFICATION PURSUANT TO D. DEL. LOCAL RULE 7.1.1

Pursuant to D. Del. Local Rule 7.1.1, counsel for Applicant Syngenta Crop Protection AG and counsel for Respondent Sharda USA LLC conferred regarding Syngenta's Motion for Reconsideration, via telephone and with Delaware counsel present, but were unable to reach agreement.

/s/ *Jeffrey J. Lyons*
Jeffrey J. Lyons (#6437)