IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE THE APPLICATION OF SYNGENTA CROP PROTECTION AG. | MISC No. 21-mc-375-CFC |

## MEMORANDUM ORDER

On May 26, 2022, I denied Syngenta Crop Protection AG's (Syngenta) application pursuant to 28 U.S.C. § 1782 for an order authorizing it to serve a subpoena on Sharda USA LLC seeking discovery for use in foreign proceedings. D.I. 21. Syngenta has moved for reconsideration of my ruling. D.I. 22.

"The standard for obtaining relief under Rule 59(e) is difficult to meet." *Butamax Advanced Biofuels LLC v. Gevo Inc.*, 2015 WL 4919975, at *1 (D. Del. Aug. 18, 2015). A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its previous decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is "not properly grounded on a request that a court rethink a decision already made and may not be used as a means to argue new facts

or issues that inexcusably were not presented to the court in the matter previously decided." *Butamax*, 2015 WL 4919975, at *1 (internal quotation marks and citations omitted). Although Syngenta states that it is seeking reconsideration to correct a clear error of law or fact and that reconsideration is needed to prevent manifest injustice, Syngenta merely reasserts the arguments it made in its application. Such arguments do not warrant reconsideration.

First, Syngenta reasserts that the discovery is relevant to its infringement case. D.I. 22 at 1. But, as I explained in my Opinion, Syngenta's focus in its application was on the need for expedited discovery to obtain an injunction. *See* D.I. 3 at 7 (arguing that "the nature of the relief being sought by Syngenta— an interim injunction, requires proof and supporting evidence early in the case, [so] engaging in the slow process of seeking third-party discovery from Sharda through the Hague Convention[] is not practicable in these circumstances"). Now Syngenta explains that it has, since its application, initiated the lawsuit, but it identifies no time pressure that would warrant sidestepping the Hague Convention in favor of expedited discovery through this Court. *See* D.I. 22 at 3–4. Thus, I remain unconvinced that Syngenta has a real and pressing need for such discovery. *See* D.I. 20 at 4.

Second, Syngenta argues that my Opinion "fails to consider arguments by Syngenta" disputing that the party against which it has filed the lawsuit, GPS, "has

2

access to the information that it requests from [nonparty] Sharda." D.I. 22 at 2. I found Syngenta's discovery request to be largely untethered to GPS and concluded that the discovery that appeared related to GPS would be in GPS's control. D.I. 20 at 6. Now, although Syngenta reasserts that some of its requested discovery is not in GPS's possession, it still fails to explain how the information not in GPS's possession is at all relevant to its case against GPS. *See* D.I. 22 at 6 (asking for "documents Sharda USA submitted to the EPA regarding their technical and end-use registrations for thiamethoxam"). This argument was already presented to and considered by me, and "[r]econsideration should not be granted where it would merely accomplish repetition of arguments that were . . . presented to the court previously[.]" *See Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991). Syngenta has not demonstrated that my decision was based on a clear error of fact.

Third, Syngenta argues that my finding that Syngenta was attempting to "substitute this Court's discovery rules for Indian discovery rules" was an error of law because the foreign court has not rejected the same discovery request. D.I. 22 at 2. Although the foreign court may not have rejected the discovery request, as I explained, Syngenta's failure to seek the discovery from GPS in the foreign court and instead seek it here suggests that Syngenta is trying to circumvent presumedly less favorable foreign discovery procedures. D.I. 20 at 5; *see Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 265 (2004) (When evaluating a

§ 1782 application, "a district court could consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States.").

Finally, Syngenta has not presented any evidence that my decision resulted or will result in manifest injustice. Syngenta, at most, argues that I could have granted a narrower version of its discovery request; but it fails to explain how my ruling will result in manifest injustice. *See* D.I. 22 at 10 ("[T]he Court could prevent manifest injustice by allowing more targeted discovery instead of outright denying the Application, which would provide ***some help*** to Syngenta with its foreign litigation[.]" (emphasis added)). Without a showing of clear error or manifest injustice, I will not grant reconsideration. *See Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995) (affirming denial of reconsideration when the motion was "a classic attempt at 'a second bite at the apple.'").

NOW THEREFORE, at Wilmington on this Eighth day of August in 2022, **IT IS HEREBY ORDERED** that Applicant's Motion for Reconsideration of Order Denying Application for Leave to Obtain Discovery for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 (D.I. 22) is **DENIED**.

                                                                    _____
                                                                    UNITED STATES DISTRICT JUDGE